## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT JACKSON HAMRICK,      No. 4:23-CV-00567

         Petitioner,      (Chief Judge Brann)

     v.

WARDEN of FCI-ALLENWOOD
LOW,

         Respondent.

### MEMORANDUM OPINION

### NOVEMBER 9, 2023

Petitioner Scott Jackson Hamrick filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Federal Correctional Institution, Allenwood Low, in White Deer, Pennsylvania.  He asserts that the federal Bureau of Prisons (BOP) failed to appropriately apply prior jail credit to his federal sentence.  He additionally claims that the BOP is improperly denying his eligibility to earn time credits under the First Step Act (FSA).[1]  For the following reasons, the Court must deny Hamrick's Section 2241 petition.

## I. BACKGROUND

Hamrick is currently serving a 120-month sentence after pleading guilty to (1) conspiracy to distribute methamphetamine (21 U.S.C. §§ 841(b)(1)(B), 846)

---

[1]   Pub. L. 115-391, 132 Stat. 5194 (2018).

and (2) aiding and abetting possession of a firearm in furtherance of a drug-trafficking crime (18 U.S.C. §§ 2, 924(c)(1)(A)) imposed by the United States District Court for the Northern District of West Virginia.[2]  Before his federal incarceration, he was imprisoned by state authorities for an unrelated driving offense (Driving While License Revoked for DUI, Third or Subsequent Offense).[3]  Once paroled on that state offense, he then entered federal custody.[4]

Hamrick lodged the instant Section 2241 petition in this Court in April 2023.[5]  In it, he contends that the BOP has improperly calculated his sentence by failing to account for 156 days spent in state custody that he maintains should be credited toward his federal sentence.[6]  He additionally asserts that he should be eligible to earn FSA time credits but the BOP improperly determined that he is ineligible due to his offenses of conviction.[7]  Hamrick's petition is fully briefed and ripe for disposition.

## II.   DISCUSSION

Respondent asserts that Hamrick's claims must be dismissed because he failed to exhaust administrative remedies.  Respondent additionally contends that the claims likewise fail on the merits.  The Court agrees that Hamrick failed to

---

[2]   Doc. 8-1 at 1 ¶ 3; *id.* at 28, 29.
[3]   *See id.* at 4-5 ¶ 9.
[4]   *See id.*
[5]   *See generally* Docs. 1, 2.
[6]   *See* Doc. 2 at 7-8.
[7]   *See id.* at 4-7.

exhaust his sentencing-calculation claim and that his FSA eligibility claim fails on the merits.

### A.   Administrative Exhaustion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[8]  Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[9]

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[10]  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[11]  In challenges to disciplinary proceedings before a DHO, the normal administrative process is modified slightly, and only requires an inmate to appeal the DHO's decision to the Regional Director and then to final review with the General Counsel.[12]

---

[8]   *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)).
[9]   *Moscato*, 98 F.3d at 761-62 (citations omitted)
[10]   *See generally* 28 C.F.R. §§ 542.10-.19.
[11]   *See id.* §§ 542.13-.15.
[12]   *See id.* §§ 542.14(d)(2), 542.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[13]  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[14]  Exhaustion is likewise excused when it would be futile.[15]  "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court."[16]

Hamrick concedes that he did not exhaust his sentencing-calculation claim regarding prior jail credit.[17]  He argues that his failure to exhaust "does not entitle the Bureau of Prisons to blatantly ignore the clear and explicit Order" of the sentencing court.[18]  While Hamrick is correct that the BOP must heed the sentencing court's orders, the type of claim he is raising (alleged improper application of prior jail credit) is the precise type of claim that must be presented to BOP officials before seeking habeas relief in federal court.  Such nuanced and fact-specific sentencing questions are well within the purview of the BOP, which is best

---

[13]  *See Moscato*, 98 F.3d at 761.

[14]  *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).

[15]  *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).

[16]  *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

[17]  *See* Doc. 11 at 2.

[18]  *Id.* at 2-3.

situated to address (and potentially correct) these issues in the first instance. Moreover, Hamrick's failure to exhaust his sentencing-calculation claim deprives this Court of a properly developed record for review.[19]  Accordingly, Hamrick's sentencing-calculation claim must be dismissed for failure to exhaust administrative remedies.[20]

### B.    FSA Time Credits Challenge

At first blush, Hamrick appears to have administratively exhausted his FSA eligibility claim.[21]  The Court notes, however, that the argument he presented to the BOP—at least on final appeal—is different than the argument he makes in his Section 2241 petition.

In his appeal to final review with General Counsel (or Central Office), Hamrick does not appear to raise the distinction between being convicted of "aiding and abetting" a Section 924(c) offense and being convicted of the Section 924(c) offense itself.[22]  Rather, he argues, "It is my position that my instant offense, use of a firearm in a drug trafficking offense pursuant to 18 [U.S.C.] §

---

[19]  *See Donnelly v. Fed. Bureau of Prisons*, No. 10-cv-3105, 2012 WL 2357511, at *4-5 (D. Minn. May 30, 2012) (noting that one of the primary purposes of exhaustion is to develop the relevant factual and legal issues, as "[t]he administrative remedies process hones the factual record, and brings clarity to the legal issues presented in the case," and concluding that the purported challenge to a BOP policy "should have been fine-tuned and vetted before being brought into federal court"), *report & recommendation adopted*, 2012 WL 2357490 (D. Minn. June 20, 2012).

[20]  *See Moscato*, 98 F.3d at 762.  The Court additionally observes that Hamrick admits that he is currently attempting to administratively exhaust this claim.  *See* Doc. 11 at 3.

[21]  *See* Doc. 2-1 at 5-6; Doc. 8-1 at 4 ¶ 5.

[22]  *See* Doc. 2-1 at 5-6.

924(c), should not be a disqualifying offense to receive FSA time credits."[23]  Thus,

it does not appear that Hamrick properly exhausted the instant FSA eligibility

claim with the BOP.  Assuming that he can circumvent administrative exhaustion

by invoking the statutory interpretation exception, his challenge still fails.

Hamrick contends that, because he was convicted of aiding and abetting (18

U.S.C. § 2) possession of a firearm in furtherance of a drug trafficking crime (18

U.S.C. § 924(c)(1)(A)), rather than the Section 924(c) offense itself, he should be

eligible to earn FSA time credits. [24]  He maintains that, if Congress wanted to

include aiding and abetting as a disqualifying offense, it would have been included

in the comprehensive list found in 18 U.S.C. § 3632(d)(4)(D).[25]

The FSA allows eligible inmates who successfully complete "Evidence

Based Recidivism Reduction" (EBRR) programs or "Productive Activities" (PAs)

to receive time credits to be applied toward time in prerelease custody or

supervised release.[26]  An inmate can earn 10 days of credit for every 30 days of

successful participation.[27]  Furthermore, eligible inmates assessed at a minimum or

low risk of recidivism who do not increase their risk of recidivism over two

consecutive assessments may earn 5 additional days of time credit for every 30

---

[23]  *Id.* at 5.
[24]  Doc. 2 at 4-7.
[25]  *See id.* at 5.
[26]  *See* 18 U.S.C. § 3632(d)(4)(A), (C).
[27]  *See id.* § 3632(d)(4)(A)(i).

days of successful participation, for a total of 15 days' time credit per 30 days'

successful participation.[28]

The FSA, however, also contains multiple eligibility requirements, including

an extensive list of convictions that render a prisoner ineligible to earn time

credits.[29]  As is pertinent to Hamrick's petition, an inmate is ineligible to receive

FSA time credits if he or she "is serving a sentence for a conviction under" 18

U.S.C. § 924(c).[30]  The question, then, is whether Hamrick's aiding and abetting

conviction pursuant to "18 U.S.C. §§ 2 and 924(c)(1)(A)"[31] is a disqualifying

conviction for FSA time-credit purposes.  The Court finds that it is.

Respondent correctly notes that aiding and abetting a criminal offense is

generally indistinguishable from commission of the crime itself.  As the United

States Court of Appeals for the Third Circuit has explained,

> It does not matter whether [the criminal offender] was convicted as a
> principal or as an aider and abettor to [the substantive offense] because,
> under the aiding and abetting statute, a person who "aids, abets, [or]
> counsels" the commission of a federal offense "is punishable as a
> principal."  *Aiding and abetting is not a separate crime*, but rather "an
> alternative charge that permits one to be found guilty as a principal for
> aiding or procuring someone else to commit the offense."  [The
> defendant's] conviction for aiding and abetting is therefore treated as a
> conviction for the crime.[32]

---

[28]  *See id.* § 3632(d)(4)(A)(ii).
[29]  *See id.* § 3632(d)(4)(D).
[30]  *See id.* § 3632(d)(4)(D)(xxii).
[31]  Doc. 8-1 at 28.
[32]  *United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019) (nonprecedential) (emphasis
supplied) (quoting, respectively, 18 U.S.C. § 2; *United States v. Sosa*, 777 F.3d 1279, 1292
(11th Cir. 2015) (internal quotation marks omitted)).

While *United States v. McKelvey* is a nonprecedential decision, this Court has observed that *McKelvey*'s holding is consonant "with a robust consensus of other circuit courts to address the issue."[33]  Thus, "[w]hether [the defendant] was convicted as an aider and abettor or as the principal is of no moment: either way, he is treated as having personally committed the substantive offense[.]"[34]  As the Sixth Circuit has explained, "There is no distinction between aiding and abetting the commission of a crime and committing the principal offense. Aiding and abetting is simply an alternative theory of liability; it is not a distinct substantive crime."[35]

Thus, whether Hamrick directly committed the Section 924(c) offense or aided or abetted its commission, Section 2 of Title 18 of the United States Code mandates that he "is punishable as a principal."[36]  Hamrick did not commit a "separate crime" of aiding and abetting[37]; rather, he pled guilty to aiding and abetting a Section 924(c) offense, which is treated as a conviction for the

---

[33]  *See United States v. Green*, 467 F. Supp. 3d 252, 256-57 (M.D. Pa. 2020) (Conner, J.) (collecting cases); *United States v. Deiter*, 890 F.3d 1203, 1214-16 (10th Cir. 2018) (observing that, because there is no "legal distinction" between aiders and abettors and principals, "it makes sense to look to the underlying statute of conviction" rather than the aiding and abetting statute).

[34]  *Id.* at 257 (citing *McKelvey*, 773 F. App'x at 75; *Rosemond v. United States*, 572 U.S. 65, 70 (2014) (explaining that aiding-and-abetting statute "reflects a centuries-old view of culpability: that a person may be responsible for a crime he has not personally carried out if he helps another to complete its commission" (citation omitted))).

[35]  *United States v. Richardson*, 906 F.3d 417, 426 (6th Cir. 2018) (citation and internal quotation marks omitted), *vacated and remanded on other grounds*, *Richardson v. United States*, __ U.S. __, 139 S. Ct. 2713 (2019) (mem.).

[36]  18 U.S.C. § 2(a).

[37]  *McKelvey*, 773 F. App'x at 75.

substantive crime.[38]  Consequently, Hamrick is "serving a sentence for a conviction under" Section 924(c),[39] despite his arguments to the contrary.[40]

In sum, because a conviction for aiding or abetting a Section 924(c) offense and a conviction for directly committing a Section 924(c) offense is a "distinction without a difference,"[41] the BOP properly determined that Hamrick is ineligible to earn FSA time credits based on 18 U.S.C. § 3632(d)(4)(D)(xxii).

## C.    Additional FSA Time Credit Arguments

In his reply brief, Hamrick appears to abandon his "aiding and abetting" claim and instead raises a new argument that the BOP improperly aggregated his consecutive sentences and denied FSA eligibility based on the disqualifying Section 924(c) offense.[42]  This argument, which was not asserted in Hamrick's Section 2241 petition or supporting memorandum but instead was raised for the first time in his traverse, is waived.[43]

Even if the Court were to consider Hamrick's belated argument, it is meritless.  Hamrick appears to be contending that his consecutive sentences for different offenses should be treated in a bifurcated manner for FSA eligibility

---

[38]   *Id.*
[39]   18 U.S.C. § 3632(d)(4)(D)(xxii).
[40]   *See* Doc. 2 at 6 (citing *Turner v. Keyes*, No. 22-cv-321-wmc, 2022 WL 17338577 (W.D. Wisc. Nov. 30, 2022)).
[41]   *McKelvey*, 773 F. App'x at 75.
[42]   *See* Doc. 11 at 3-6.
[43]   *See Hayes v. Silvers, Langsam & Weitzman, P.C.*, 441 F. Supp. 3d 62, 67 n.5 (E.D. Pa. 2020); *cf. McLendon v. Continental Can Co.*, 908 F.2d 1171, 1183 (3d Cir. 1990).

purposes.  This argument, however, has been consistently rejected by courts within and beyond this district.[44]  It also runs counter to the plain language of 18 U.S.C. § 3584(c), which mandates that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."  Thus, because Hamrick is in fact serving the (aiding and abetting) Section 924(c) sentence as part of his "single, aggregate term of imprisonment," he is statutorily ineligible to receive FSA time credits.[45]

## III.   CONCLUSION

For the foregoing reasons, the Court must deny Hamrick's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[44]  *See, e.g.*, *Goodman v. Sage*, No. 4:22-CV-00981, 2022 WL 18028148, at *3 (M.D. Pa. Dec. 30, 2022) (Brann, C.J.); *Teed v. Warden, Low Sec. Corr. Inst., Allenwood*, No. 1:22-CV-1568, 2022 WL 17252584, at *2 (M.D. Pa. Nov. 28, 2022) (Conner, J.); *Dunston v. Spaulding*, No. 4:20-CV-01961, 2021 WL 2588791, at *2, 4 (M.D. Pa. June 24, 2021) (Brann, J.) (finding petitioner ineligible for FSA time credits when one of his three convictions was under Section 924(c)); *Keeling v. LeMaster*, No. 0:22-cv-00096, 2022 WL 17407966, at *2 (E.D. Ky. Dec. 2, 2022); *Sok v. Eischen*, No. 22-cv-458, 2022 WL 17156797, at *6 (D. Minn. Oct. 26, 2022), *adopting report & recommendation*, 2022 WL 17128929 (D. Minn. Nov. 22, 2022).

[45]  Hamrick also argues for the first time in his reply brief that denial of FSA time credits based on his Section 924(c) conviction is a due process violation.  *See* Doc. 11 at 6-7.  This argument is likewise waived.  *See Hayes*, 441 F. Supp. 3d at 67 n.5.